IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-274-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ASAEL GOMEZ-JIMENEZ, | ) | |
| | ) | |
| Defendant. | ) | |

On March 10, 2014, Asael Gomez-Jimenez ("Gomez-Jimenez") pleaded guilty to possession with intent to distribute a quantity of cocaine and aiding and abetting (count eight), and elude examination and inspection by immigration officers (count ten). See [D.E. 182]. On March 13, 2014, a jury found Gomez-Jimenez guilty of conspiracy to distribute and possess with intent to distribute 5 kilograms of cocaine (count one), and possession with intent to distribute 28 grams or more of cocaine base (crack) (count five). See [D.E. 196].

On July 8, 2014, the court held Gomez-Jimenez's sentencing hearing. See [D.E. 257]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") except as to matters in dispute. See Sentencing Tr. [D.E. 257] 5–6. The court ruled on Gomez-Jimenez's objections to the PSR and calculated Gomez-Jimenez's total offense level to be 39, his criminal history category to be I, and his advisory guideline range to be 262 to 324 months' imprisonment on count one. See id. at 5–12. The advisory guideline range on count five and count eight was 240 months' imprisonment. See id. at 11. The advisory guideline range on count ten was six months. See id. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Gomez-Jimenez to 324 months' imprisonment on count one, 240 months'

imprisonment on counts five and eight, and 6 months' imprisonment on count ten, to run concurrently for a total term of 324 months' imprisonment. See id. at 20–27; [D.E. 225] 3.

Gomez-Jimenez appealed. On September 29, 2015, the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. See United States v. Gomez-Jimenez, 625 F. App'x 602, 604–06 (4th Cir. 2015) (per curiam) (unpublished).

On October 30, 2015, Gomez-Jimenez filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 317]. On March 9, 2016, Gomez-Jimenez (through counsel) filed another motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 327]. Gomez-Jimenez's new advisory guideline range on count one is 210 to 262 months' imprisonment, based on a total offense level of 37 and a criminal history category of I. See id. Gomez-Jimenez requests a 260-month sentence on count one. See id. at 2. On March 22, 2016, the government responded to Gomez-Jimenez's motions. See [D.E. 329].

The court has discretion to reduce Gomez-Jimenez's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, No. 16-6867, 2016 WL 6958628, at *1 (4th Cir. Nov. 29, 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Gomez-Jimenez's sentence, the court finds that Gomez-Jimenez participated in a major cocaine conspiracy for a long period of time. See PSR [D.E. 210]

¶¶ 1–34; Sentencing Tr. at 18–22. He did so even though his relatives received lengthy prison sentences for participating in an earlier cocaine conspiracy in this district, and he came from Mexico to replace them. See Sentencing Tr. at 18–22; PSR ¶¶ 8–10. Moreover, Gomez-Jimenez possessed a firearm during the commission of the offense. See PSR ¶ 33. Finally, Gomez-Jimenez has sustained no disciplinary actions while incarcerated on his most recent federal conviction. See [D.E. 327]; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Gomez-Jimenez received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Gomez-Jimenez's sentence would threaten public safety in light of his serious criminal conduct. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Gomez-Jimenez's motion for reduction of sentence. See, e.g., Patterson, 2016 WL 6958628, at *1–2; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Gomez-Jimenez's motions for reduction of sentence [D.E. 317, 327].

SO ORDERED. This 19 day of May 2017.

/s/ A. Dever
JAMES C. DEVER III
Chief United States District Judge