IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-274-D
No. 5:16-CV-49-D

| ASAEL GOMEZ-JIMENEZ, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

On January 29, 2016, Asael Gomez-Jimenez ("Gomez-Jimenez") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 324-month sentence [D.E. 323]. On March 21, 2016, Gomez-Jimenez filed a motion for discovery [D.E. 328]. On December 5, 2016, the government moved to dismiss Gomez-Jimenez's section 2255 motion [D.E. 342] and filed a memorandum in support [D.E. 343]. On February 13, 2017, Gomez-Jimenez responded in opposition [D.E. 354]. As explained below, the court denies Gomez-Jimenez's motion for discovery, grants the government's motion to dismiss, and dismisses Gomez-Jimenez's section 2255 motion.

I.

On March 10, 2014, Asael Gomez-Jimenez ("Gomez-Jimenez") pleaded guilty to possession with intent to distribute a quantity of cocaine and aiding and abetting (count eight), and elude examination and inspection by immigration officers (count ten). See [D.E. 182]. On March 13, 2014, a jury found Gomez-Jimenez guilty of conspiracy to distribute and possess with intent to distribute 5 kilograms of cocaine (count one), and possession with intent to distribute 28 grams or

more of cocaine base (crack) (count five). See [D.E. 196].

On July 8, 2014, the court held Gomez-Jimenez's sentencing hearing. See Sentencing Tr. [D.E. 257]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") except as to matters in dispute. See id. at 5–6. The court ruled on Gomez-Jimenez's objections to the PSR and calculated Gomez-Jimenez's total offense level to be 39, his criminal history category to be I, and his advisory guideline range to be 262 to 327 months' imprisonment on count one. See id. at 5–12; PSR [D.E. 210] ¶¶ 66–79. The advisory guideline range on count five and count eight was 240 months' imprisonment. See Sentencing Tr. at 11. The advisory guideline range on count ten was six months. See id. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Gomez-Jimenez to 324 months' imprisonment on count one, 240 months' imprisonment on counts five and eight, and 6 months' imprisonment on count ten, to run concurrently for a total term of 324 months' imprisonment. See id. at 20–27; [D.E. 225] 3.

Gomez-Jimenez appealed. On September 29, 2015, the United States Court of Appeals for the Fourth Circuit affirmed Gomez-Jimenez's conviction and sentence. See United States v. Gomez-Jimenez, 625 F. App'x 602, 604–06 (4th Cir. 2015) (per curiam) (unpublished).

On January 29, 2016, Gomez-Jimenez filed his section 2255 motion [D.E. 323] and a memorandum in support [D.E. 323-1]. In his motion, Gomez-Jimenez makes four claims: (1) that his trial and appellate counsel were ineffective by failing to show that the district court abused its discretion in denying Gomez-Jimenez's co-defendant's motion to suppress concerning his co-defendant's residence; (2) that his trial and appellate counsel were ineffective by failing to show that the district court abused its discretion by failing to determine if Gomez-Jimenez maintained the premises where cocaine and firearms were recovered; (3) that his appellate counsel was ineffective by failing to challenge the admission of wiretap evidence; and, (4) that his trial and appellate counsel

2

were ineffective by failing to challenge the unidentified voices on the wiretaps. See [D.E. 323] 1–10.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a claim's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). The government may challenge the legal sufficiency of a section 2255 petition through a motion to dismiss under Rule 12(b)(6). See Rule 12, Rules Governing Section 2255 Proceedings; United States v. Frady, 456 U.S. 152, 166–68 n.15 (1982); United States v. Reckmeyer, 900 F.2d 257, at *4 (4th Cir. 1990) (unpublished table decision). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

To the extent Gomez-Jimenez contends that the district court erred concerning Gomez-Jimenez's co-defendant's motion to suppress, concerning the court's failure to conduct an evidentiary hearing, or concerning the admission of the wiretap evidence or the unidentified voices on the wiretap, Gomez-Jimenez failed to raise these claims on direct appeal. Thus, the general rule

3

of procedural default bars Gomez-Jimenez from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Gomez-Jimenez has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); Frady, 456 U.S. at 170; United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999). Accordingly, the claims fail.

As for Gomez-Jimenez's ineffective-assistance claims, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 134, 141 (2012); Lafler v. Cooper, 566 U.S. 156, 165 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Gomez-Jimenez must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court

4

must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffectiveness claim, a court may rule based on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

As for Gomez-Jimenez's claim that his trial counsel and appellate counsel were ineffective by failing to show that the district court abused its discretion in denying Gomez-Jimenez's co-defendant Anthony Wiggins's motion to suppress concerning Wiggins's residence, the claim fails. Although trial counsel's failure to file a suppression motion "does not constitute per se ineffective assistance of counsel," it may form the basis of an ineffective-assistance claim. Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). To state a claim of deficient performance, Gomez-Jimenez must plausibly allege that he (Gomez-Jimenez) had a meritorious Fourth Amendment claim concerning the search of Wiggins's residence. Id. at 382. Gomez-Jimenez, however, has failed to plausibly allege that he had a valid Fourth Amendment claim concerning the search of Wiggins's residence. Gomez-Jimenez had no reasonable expectation of privacy in Wiggins's residence. See, e.g., Minnesota v. Carter, 525 U.S. 83, 89–91 (1998); United States v. Padilla, 508 U.S. 77, 78–82 (1993) (per curiam); Rakas v. Illinois, 439 U.S. 128, 143–49 (1978); United States v. Gray, 491 F.3d 138, 146–47 (4th Cir. 2007); cf. [D.E. 39] (order denying Wiggins's motion to suppress), aff'd,

5

Gomez-Jimenez, 625 F. App'x at 603–04. Thus, counsels' performance was not deficient, and the claim fails. See Knowles v. Mirazayance, 556 U.S. 111, 127–28 (2009).

As for Gomez-Jimenez's claim that this trial counsel and appellate counsel were ineffective by failing to show that the district court abused its discretion by not holding an evidentiary hearing to determine if Gomez-Jimenez maintained the premises where cocaine and firearms were recovered, the claim fails as to performance. Gomez-Jimenez has not plausibly alleged that he had a meritorious Fourth Amendment claim concerning the search of the premises where authorities recovered cocaine and firearms. See Kimmelman, 477 U.S. at 384; cf. [D.E. 299] 9–10, 78–83, 87–97, 99, 109–16; [D.E. 299-1], 63–104, 149–63, 167–69, 182–86, 199–200, 205–44, 301, 302–19, 320–76; [D.E. 299-2] 384–99, 427, 538–41. A motion to suppress would have been baseless, and the Sixth Amendment does not require counsel to make baseless motions. See Knowles, 556 U.S. at 127–28. Thus, there was no deficient performance, and the claim fails.

As for Gomez-Jimenez's claim concerning the failure to challenge alleged unidentified voices on the wiretaps, the claim fails as to performance. To the extent there were unidentified voices on the wiretaps received in evidence at trial, the voices were admissible to provide context to the wiretap evidence. See, e.g., United States v. Henderson, 626 F.3d 326, 336–37 (6th Cir. 2010); United States v. Rodriguez-Lopez, 565 F.3d 312, 315 (6th Cir. 2009). Thus, there was no deficient performance in failing to challenge any unidentified voices on the wiretaps. See, e.g., Bobby, 558 U.S. at 11–12; Knowles, 556 U.S. at 127; Strickland, 466 U.S. at 689–700. Alternatively, there was no prejudice because the court properly would have denied that motion had trial counsel made it. See, e.g., Henderson, 626 F.3d at 336–37; Rodriguez-Lopez, 565 F.3d at 312.

Finally, Gomez-Jimenez's claims concerning appellate counsel's failure to challenge the wiretap evidence fails as to performance and prejudice. Appellate counsel properly focused on what

6

counsel believed were the strongest appellate issues. See, e.g., United States v. Mason, 774 F.3d 824, 828–29 (4th Cir. 2014); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). In doing so, appellate counsel's performance was not deficient in light of the legally authorized Title III wiretap. See [D.E. 299-1] 63–104; [D.E. 299-2] 160–61. As for prejudice, Gomez-Jimenez has not plausibly alleged "a reasonable probability he would have prevailed on his appeal but for his counsel's unreasonable failure to raise an issue." United States v. Rangel, 781 F.3d 736, 745 (4th Cir. 2015) (quotation and alteration omitted); see Smith v. Robbins, 528 U.S. 259, 285–86 (2000). Thus, the claim fails.

After reviewing the claims presented in Gomez-Jimenez's motions, the court finds that reasonable jurists would not find the court's treatment of Gomez-Jimenez's claims debatable or wrong, and that the claims deserve no encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E.342], DISMISSES Gomez-Jimenez's section 2255 motion [D.E. 323], DENIES a certificate of appealability, and DENIES Gomez-Jimenez's motion for discovery [D.E. 328].

SO ORDERED. This **23** day of May 2017.

JAMES C. DEVER III
Chief United States District Judge